IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL LAWRENCE BRUNER III, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIV-05-1163-C |
| | ) |
| JUSTIN JONES, Director, | ) |
| | ) |
| Respondent. | ) |

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>**

This action for habeas corpus relief brought by a prisoner, proceeding <u>pro se</u>, was referred to United States Magistrate Judge Gary M. Purcell, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Purcell entered his Supplemental Report and Recommendation on February 8, 2006, to which Petitioner has timely objected. The Court therefore considers the matter <u>de novo</u>.

In his Supplemental Report and Recommendation, Judge Purcell recommends that Respondent's motion to dismiss be granted and that Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be dismissed as time-barred. (Dkt. No. 17.) Petitioner has filed his Objection (Dkt. No. 18) and asks that the statute of limitations be equitably tolled because of events outside of his control. The Court agrees that the Petition should be dismissed notwithstanding Petitioner's objection.

According to Petitioner, he mailed his "appeal" to the federal courthouse on September 13, 2005. (Obj. ¶ 1.) Petitioner attaches to his Objection a partial copy of what he asserts was his habeas corpus petition and a copy of an envelope addressed to "Federal

Judge Vickie Miles Lagrand [sic]." (Obj. Ex. A.) The envelope is postmarked September 13, 2005, and stamped "Received Sep 14 2005." (Obj. Ex. A.) Petitioner's mailing was apparently returned to him with a "note citing local rule 5.2 (c)" on September 21. (Obj. ¶ 3; Ex. B & C.)[*] Petitioner explains that he did not receive these materials until September 26, that he reformatted the "appeal" on September 27, when he had access to the law library, and that he delivered the reformatted "appeal" to the prison mail room on September 29. (Obj. ¶¶ 4-8.) Prison records show that the reformatted petition was not mailed until October 7. (Obj. Ex. D.)

Prisoners generally have one year from the date on which their convictions become final to petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1). As explained in the Report and Recommendation, Petitioner had one year from September 19, 2004, to file his federal habeas petition. (Supplemental Report & Recommendation at 3 (citing 28 U.S.C. § 2244(d)(1).)

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations and footnote omitted). Federal Rule of Civil Procedure 5(e) provides, "[t]he filing of papers with the court as required by these rules shall

---

[*] LCVR 5.2(c) requires that two copies be submitted for papers filed in paper form.

be made by filing them with the clerk of court," unless the judge permits those papers to filed with her and notes the filing date and transmits them to the office of the clerk.

In this instance, Petitioner's September 13 mailing was not filed and, ultimately, was returned to Petitioner. Although it was received by Judge Miles-LaGrange and handled by personnel in the Clerk's office, it was not accepted for placement in the official record. (Dkt. Sheet.) Petitioner's Exhibit A shows only the beginning of a letter to Judge Miles-LaGrange, which does not show that Petitioner was attempting to file a petition for writ of habeas corpus or requesting any specific relief. The entirety of the document submitted by Petitioner in support of his Objection reads: "This entire appeal is presented written by my hand writing because there is a need to know what my hand writing looks like. You will see the truth in this in one of my propositions." The record also does not indicate that the applicable filing fee was paid or that Petitioner requested permission to file in forma pauperis. Thus, without a case number, a request for relief, or a request or any indication that a new case was intended, there was no case in which to file the September 13 document. It could not have been "filed" pursuant to Fed. R. Civ. P. 5(e), and it therefore was not timely.

However, Petitioner does not argue that his petition was timely filed but, instead, that the one-year limitations period should be tolled because of circumstances beyond his control. As Magistrate Judge Purcell explains in his Report and Recommendation, the limitations period may be tolled in extraordinary circumstances. See, e.g., Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, extraordinary circumstances do not exist in this case.

Petitioner fails to explain how the failure to file a timely petition is due to anything other than his own failure to file a timely petition. Therefore, Petitioner's Objection is overruled.

Accordingly, the Court adopts, in its entirety, the Supplemental Report and Recommendation of the Magistrate Judge, and for the reasons announced therein, the petition for habeas corpus relief is dismissed, as untimely. As no amendment can cure the defect, this dismissal acts as an adjudication on the merits, and a judgment will enter.

IT IS SO ORDERED this 18th day of April, 2006.

ROBIN J. CAUTHRON
United States District Judge